UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'CONNELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:05CV02231 AGF |
| | ) |
| LAWLESS HOMES, INC., LAWLESS | ) |
| HOMES OF JEFFERSON COUNTY, | ) |
| INC., and LAWLESS HOMES OF | ) |
| FRANKLIN COUNTY, INC., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' unopposed motion filed pursuant to Federal Rule of Civil Procedure 69(a) to compel discovery in aid of execution of judgment. Specifically, Plaintiffs seek an order compelling T. Michael Lawless to appear for a deposition at the offices of Plaintiffs' counsel on June 12, 2006.

This case was brought under the Employee Retirement and Income Security Act against three Missouri corporations for delinquent contributions to employee benefits funds and delinquent union dues. Judgment was entered against Defendants, jointly and severally, by stipulation for entry of consent judgment in the total amount of $244,676.88. Thereafter, on March 15, 2006, Plaintiffs filed a notice of deposition and request for production of documents, under Rule 69, addressed to T. Michael Lawless. The notice stated that Plaintiff intended to take Mr. Mr. Lawless's oral deposition, and also requested that "Defendant" produce at the deposition numerous tax, income, and other financial records relating to Mr. Lawless personally, as well as to the corporate

Defendants. Mr. Lawless's connection to the lawsuit is not made evident in the record, but presumably he is connected to Defendants and has access to the documents sought by Plaintiffs.

Plaintiffs now assert that "Defendant" did not appear for the scheduled deposition and did not provide any of the documents requested. Plaintiffs ask the Court for an order compelling "defendant" to appear at a deposition in the offices of Plaintiffs' counsel on June 12, 2006, at 11:00 a.m. As noted above, no opposition has been filed to Plaintiffs' motion.

Rule 69(a) allows a judgment creditor to obtain discovery from "any person" in aid of execution of a judgment. Pursuant to Rule 69(a), "federal courts have afforded judgment debtors broad opportunities to discover concealed assets of judgment debtors including acquiring such information from non-parties." Falicia v. Advanced Tenant Servs., Inc., 235 F.R.D. 5, 7 (D. D.C. 2006) (Rule 69 permitted employees seeking to enforce judgment for unpaid back wages to subpoena bank records of non-party companies owned by members of same family that owned judgment debtor). Although Mr. Lawless was not a Defendant in this action, in the absence of any opposing argument by Defendants or Mr. Lawless himself, the Court believes that Plaintiffs are entitled to the relief they seek.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion [Doc. #30] for an order to compel T. Michael Lawless to appear (pursuant to the notice of Rule 69 deposition previously served) for deposition on June 12, 2006, is **GRANTED**. Failure to comply

with this Order could result in the imposition of sanctions against Mr. Lawless in his personal capacity.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of May, 2006